UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:
JOIELLE L. BURNS

        Debtor

Chapter 7
Case No.  15-12006

**APPLICATION FOR LEAVE TO EMPLOY AND RETAIN
RICHARD P. BREDERSON, ESQUIRE AND THE LAW FIRM OF BREDERSON LAW
CENTER
<u>AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE</u>**

Stacy B. Ferrara, the Chapter 7 Trustee in the above captioned case, files this application (the "Application"), pursuant to 11 U.S.C. § 327(e), Bankruptcy Rule 2014, and Local Rule 2014-1, seeking entry of an Order authorizing the retention of Richard P. Brederson, Esquire and the law firm of Brederson Law Center as special counsel ("Special Counsel") to the Chapter 7 Trustee.  In support of this Application, the Chapter 7 Trustee states as follows:

<u>**Jurisdiction**</u>

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (D) and (O). Venue of the Debtor's Chapter 7 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is Title 11 of the United States Code (the "Bankruptcy Code").

3.      Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on or about October 20, 2015 ("Petition Date").

4.      Through the commencement of this case, the Debtors have invoked the protections of the Bankruptcy Code to preserve their assets.

5.      Stacy B. Ferrara was appointed Chapter 7 Trustee on October 21, 2015.

## Relief Requested

6.      By this Application, the Chapter 7 Trustee seeks authorization to employ Richard P. Brederson, Esquire and the law firm of Brederson Law Center as Special Counsel to the Chapter 7 Trustee.

7.      The Chapter 7 Trustee requires the services of Special Counsel in this case.  The Debtor has listed a potential personal injury claim as an asset in the Petition.  Special Counsel has extensive experience and skills in evaluating and litigating personal injury claims on behalf of injured parties.

8.      Pursuant to 11 U.S.C. §327(d), the Chapter 7 Trustee believes it is in the best interest of the Estate for his retention as counsel because it will allow the Chapter 7 Trustee to more fully apply her bankruptcy experience for the benefit of the Estate and to maximize the coordination of her attorneys and staff and to avoid duplication of efforts.

9.      Subject to this Court's approval, and in accordance with 11 U.S.C. §327, the Federal Rules of Bankruptcy Procedure, Local Rule 2016-1, and Orders of this Court, the Chapter 7 Trustee requests that Special Counsel be compensated pursuant to the written fee agreement between Special Counsel and the Debtor, dated 07/18/11.

10.     To the best of the Chapter 7 Trustee's knowledge, any compensation to be paid for the services rendered in this case shall be the sole property of Special Counsel and will not be shared with any person or entity.

11.     Special Counsel understand that any compensation and expenses paid to them must be approved by this Court upon application, consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and Orders of this Court.

12.     To the best of the Chapter 7 Trustee's knowledge, neither Special Counsel nor any employee of the Law Firm holds or represents any interest adverse to the estate, except the following:

   (a)    None

13.     To the best of the Chapter 7 Trustee's knowledge, Special Counsel nor any employee of the Law Firm have any connection with the Debtor, creditors, other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that Special Counsel and the Law Firm represented the Debtor in his personal injury claim prior to the filing of their bankruptcy petition.

14.     To the best of the Chapter 7 Trustee's knowledge, except as is set forth in Paragraphs 13 and 14, Special Counsel and each employee of the Law Firm, is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

15.     Special Counsel and the Law Firm agree to follow the obligations included on <u>Exhibit 1</u> to this Application, which are made a part hereof by reference.  Satisfaction of each and every enumerated provision is an express condition of this Application, and may result in the denial of fees to Special Counsel and the Law Firm.

   WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an order authorizing the Chapter 7 Trustee to retain and employ Special Counsel and the Law Firm as its counsel to represent the Chapter 7 Trustee in the Debtor's personal injury case and for such other

and further relief as the Court deems just and equitable.

        /s/Stacy B. Ferrara
        Stacy B. Ferrara, Esquire   #4344
        Chapter 7 Trustee
        Nolan, Brunero, Cronin & Ferrara, Ltd.
        1070 Main Street
        Coventry, Rhode Island 02816
        (401) 828-5800 Telephone
        (401) 823-3230 Facsimile

DATED: December 8, 2015

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED.R.BANK P.9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER MALL, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS:(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW;(2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

### CERTIFICATE OF SERVICE

    I hereby certify that on 8th of December, 2015, I electronically filed the Application for Leave to Employ Richard P. Brederson and the law firm of Brederson Law Center as Special Counsel to the Chapter 7 Trustee to Bankruptcy Estate with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/EMF System.  The following participants have received notice electronically:

- **US Trustee**

  ustpregion01.pr.ecf@usdoj.gov

- **Stephen M. Hunter**

  **hunterlawri@gmail.com**

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document electronically filed with the court to the following non CM/ECF participants:

None

                                         /s/Sherri-Lynn M. Faria

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br>JOIELLE L. BURNS<br><br>                    Debtor | Chapter 7<br>Case No.  15-12006 |

Conditions imposed upon Special Counsel to the Chapter 7 Trustee:

1. The filing of the bankruptcy petition by the Debtor created a bankruptcy estate which the Trustee was appointed to administer.  Pursuant to 11 U.S.C. § 541(a), property of the estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, including the Debtor's personal injury claim and lawsuit.  The right to the proceeds of the Debtor's personal injury lawsuit became property of the estate upon the filing of the bankruptcy, and  the Trustee succeeded to any rights of the Debtor in and to the lawsuit.  **Your client is now the Trustee**.

2. When the United States Bankruptcy Court for the District of Rhode Island (the "Court")  allows the Trustee to hire you as Special Counsel, you must immediately begin to **RECORD YOUR TIME SPENT ON THE DEBTOR'S CASE FILE ON A DAILY BASIS**.  Contemporaneous time records are required in bankruptcy cases whenever fees are requested.  In order to ensure compliance with local rule 2016-1 when filing fee applications, all time entries must be entered as tenths of one hour devoted to the specific services performed on the case.

3. There is no need to obtain an order from the Court modifying the automatic stay contained in 11 U.S.C. § 362 if the Debtor is the plaintiff in the lawsuit. The automatic stay applies only to actions pending against the debtor, not to actions that the Debtor is pursuing.  However, if the defendants have a counterclaim or affirmative defenses against the Debtor, they will need to obtain relief before proceeding on those issues.

4. If  the Defendants make a settlement offer prior to trial you must communicate that offer directly to the Trustee.  **It is the Trustee, and only the Trustee, who has the right to accept or reject any offers.**  The Trustee will consult with you on the likelihood of success at trial and the value of the claim.

5. If the Trustee decides to accept the offer, the Trustee must obtain court approval.

**Do not take any action dismissing the case, disposing of the case or agreeing to do either, prior to obtaining bankruptcy court approval and a Court order to that effect.**  The Trustee will file with the bankruptcy court a Motion for Authority to Compromise ("Motion") pursuant to Bankruptcy Rule 9019. The Motion will set forth the status of the

case and the reasons for accepting the settlement.  Special Counsel agrees to assist the Trustee with the preparation of the Motion.  **Until the bankruptcy court approves the settlement, the case is not settled**.

   6.  If the Motion is approved, the insurance company should be provided with the court order directing it to issue a settlement draft payable to the Trustee in bankruptcy only.  **Do not attempt to pay or agree to pay any medical providers.**  The Trustee will determine whether, and how much, to pay medical providers.  An unrecorded "medical lien" for pre-petition services renders the medical provider an unsecured creditor.

   7.  The Trustee must obtain bankruptcy court approval to compensate Special Counsel from the settlement proceeds or from the award after trial.  Pursuant to 11 U.S.C. § 330, after notice and a hearing, if requested, the Court may award to a professional person employed under § 327, actual, necessary, reasonable compensation and reimbursement of actual, necessary expenses.  The only method the bankruptcy court has to determine whether the compensation requested by Special Counsel is reasonable, actual and necessary is to review time records. Therefore, the records must be submitted to the Trustee and attached to an Application for Compensation ("Application") which Special Counsel must file with the bankruptcy court.  Generally, the bankruptcy court will award compensation to a professional if: 1) the services that are the subject of the application are properly compensable; 2) the services rendered were actual and necessary; and 3) the services are properly valued. Specifically, to aid in determining factors one through three, the Court will require are: 1) billing set forth in tenths, not quarters, of an hour; 2) a full description of each telephone call, court appearance, deposition, letter drafted or reviewed and conference, including the date, the attorney rendering the service and the nature of the service (i.e. telephone conference with J. Doe re: court hearing on 2/9); 3) a description, broken down into appropriate categories, of the legal services provided; 4) the hourly rate of the attorney providing the services; and 5) any special circumstances involved in the case requiring extra work. Expenses incurred must be actual and necessary and enough detail must be given so the Court can make that determination.  Special Counsel must keep in mind, that all fees awarded in bankruptcy cases are subject to Court approval. It is the responsibility of Special Counsel to convince the Court that the fee compensation sought is fair and equitable given the circumstances. Factors the Court may take into account include the novelty or complexity of the issues and the percentage distribution the Trustee will make to unsecured creditors.

   8.  Special Counsel is required, within sixty (60) days of appointment by the Court, to provide the Trustee an opinion regarding the theory of liability against the Defendant(s), the probability of success on the merits, the value of the damages in the case, and an estimate of time to settle or try the case.

   9.  Special Counsel is required, every ninety (90) days, or after any significant event in the case, whichever is earlier, to provide the Trustee an opinion regarding the theory of liability against the Defendant(s), the probability of success on the merits, the value of the damages in the case, and an estimate of time to settle or try the case.

   10.  Special Counsel shall prepare status reports when requested by the Court, the theory of liability against the Defendant(s), the probability of success on the merits, the value

of the damages in the case, and an estimate of time to settle or try the case or on any significant event in the case, and to provide the Trustee with copies of the status report. Special Counsel agrees to attend status conferences when requested by the Court.

      11.  Special Counsel agrees to file appropriate motions to expedite the Debtor's case for trial.

      12.  The appointment of Special Counsel to represent the Trustee in the resolution or trial of the Debtor's personal injury claim cannot be assigned to any other attorney or law firm.  In the event Special Counsel desires to refer the claim to another attorney or law firm, that attorney or law firm must obtain prior approval by the Court to represent the Trustee.  An attorney or law firm that has not received prior approval by the Court will not be allowed compensation for the representation of the Trustee.

      13.  Special Counsel is required to obtain prior permission from the Court to enter into any type of arbitration or mediation of the claim.  The Trustee must be notified in writing of the proposal for arbitration or mediation, and if the Trustee believes it is in the best interest of the estate, an appropriate application will be filed with the Court.  Absent an order from the Court, arbitration or mediation may be deemed void.

      /s/Richard P. Brederson
      Richard P. Brederson, Esquire (Bar ID #6598)
      Brederson Law Center
      950 Smith Street
      Providence, RI 02908
      (401) 228-8110 Telephone